**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSE RUBIO, | |
| Plaintiff, | CIVIL ACTION NO. 3:22-CV-00779 |
| v. | (MEHALCHICK, M.J.) |
| UNITED STATES, et al., | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is an amended complaint filed by *pro se* prisoner-Plaintiff Jose Rubio ("Rubio") on September 1, 2022. (Doc. 12). On May 23, 2022, this civil rights action was initiated pursuant to 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, by the filing of a complaint in the related action, *Bran v. United States*, No. 3:22-CV-00755, on behalf of a purported class of prisoners. (Doc. 1). The complaint named Defendants the United States, the Federal Bureau of Prisons ("BOP"), J. Meyers, the National Gang Unit Agency, and S.I.S. (collectively, "Defendants"). (Doc. 1). Rubio is a prisoner incarcerated in the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg"). The Court has conducted its statutorily-mandated screening of the amended complaints in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). For the reasons provided herein, the Court finds that the amended complaints fail to state a claim upon which relief may be granted and grants Rubio leave to file a second amended complaint.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On May 23, 2022, this civil rights action was initiated pursuant to 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), and the

Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, by the filing of a complaint in the related action, *Bran v. United States*, No. 3:22-CV-00755, on behalf of a purported class of prisoners. (Doc. 1). On June 14, 2022, Rubio, proceeding *pro se*, elected to proceed with this civil rights action by filing a certified motion for leave to proceed *in forma pauperis* and Prisoner Trust Fund Account statement. (Doc. 4; Doc. 5). On July 18, 2022, the Court granted Rubio's motion for leave to proceed *in forma pauperis* and issued summons to Defendants. (Doc. 6; Doc. 7). On August 18, 2022, Rubio filed a motion to amend/correct, which the Court granted on August 29, 2022. (Doc. 9; Doc. 11).

Rubio filed an amended complaint on September 1, 2022. (Doc. 12). Rubio states "there is a violation, miscarriage of policy, breach of contract by United States (Defendant), and violation against my constitutional rights, due process and that I'm being unjustly confined illegally in 'special management units' (SMU), (SHU), and challenging the validity that derived from this 'nationwide lockdown0 STG assignments to MS-13 inmates." (Doc. 12, at 1). Rubio claims he was given an "security threat group" ("STG") assignment by the BOP on January 31, 2022, "in light of the involving members of MS-13 incident that happen[ed] elsewhere within the federal [BOP], which culminated in a national/nationwide lockdown and designation/administrative transfer assignment to USP-Lewisburg Pennsylvania without being a threat to institution security or any thereof." (Doc. 12, at 1). Rubio alleges the "administrative transfers and segregation punishment constituted discrimination violation of procedural due process rights, psychological torture, cruel and unusual punishment, intentionally cause liberty interest, and violated my constitutional rights and cause[d] sever[e] injury and damage to those rights which are my property." (Doc. 12, at

1). For relief, Rubio seeks compensatory and punitive damages and injunctive relief. (Doc. 12, at 2).

The matter is now before the Court pursuant to its statutory obligation under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e) to screen the amended complaints and dismiss them if they fail to state a claim upon which relief can be granted.

II.   **DISCUSSION**

A.   LEGAL STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil amended complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the amended complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In this case, because Rubio is a prisoner suing a governmental employee and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions

which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the amended complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

4

the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers"

and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

B. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

At the outset, the amended complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. As discussed *supra*, Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, even when liberally construed as is necessary for *pro se* complaints, Rubio fails to simply, concisely, and directly allege what his claims are and does not provide fair notice of the grounds on which his intended claims rest. *See Erickson*, 551 U.S. at 93. He simply states "[t]his administrative transfer and segregation punishment constituted complete discrimination, violation of procedural due process rights, psychological torture, cruel and unusual punishment, intentionally case liberty interest, and violated my constitutional rights and cause[d] sever[e] injury and damage to those rights which are my property." (Doc. 12, at 1). There is no allegation of how Defendants' actions violated Rubio's rights or how the "nationwide lockdown" is connected to Rubio's membership in MS-13. (Doc. 12, at 1-2). Additionally, Rubio alleges no facts involving any Defendant, nor does he state how each Defendant is personally involved in the alleged wrongdoings. (Doc. 12, at 1-2).

Rubio runs afoul of Rule 8(a)(2)'s basic tenant that the "'plain statement' [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *See Twombly*, 550 U.S. at 545; *see also Cooper v. Link*, No. 18-CV-4481, 2018 WL 6528170, at *5 (E.D. Pa. Dec. 12, 2018) ("[Plaintiff] cannot move forward on his complaint as pled because it is not clear what each Defendant did to violate his rights."). Thus, in its current form, the amended complaint would not provide any meaningful opportunity for Defendants to decipher or answer the vague allegations levied against them. *See Twombly*, 550 U.S. at 555. As such, Rubio's amended complaint is subject to dismissal in its entirety for failure to state a claim upon which relief may be granted. (Doc. 12).

C. Leave to Amend

The Court recognizes that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004); *see Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007). As the amended complaint in its current form does not clearly set forth any claims against the Defendants, dismissal is warranted. However, so as to preserve Rubio's rights as a *pro se* litigant, the Court will allow him to file a final, unified, legible second amended complaint setting forth his factual allegations and legal claims in a manner that can be reviewed by the Court and, if necessary, answered by Defendants.

Rubio is advised that the second amended complaint must be a pleading that **stands by itself without reference to the original or amended complaints.** *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). The second amended complaint must also establish the existence of specific actions taken by the Defendants which have resulted in

identifiable constitutional violations, to the extent Rubio intends to bring a civil rights action under 42 U.S.C. § 1983. Further, Rubio is cautioned that he must comply with Rule 8 of the Federal Rules of Civil Procedure and establish at least a modicum of factual specificity regarding the claims he intends to assert and the factual grounds upon which they rest. The second amended complaint should also be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences as averred in the original complaint. **Failure to file a second amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety.**

III.    **CONCLUSION**

Based on the foregoing, the Court finds that Rubio's amended complaint filings fail to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). (Doc. 12). Rubio shall be granted thirty (30) days in which to file a second amended complaint.

An appropriate Order follows.

**Dated: September 6, 2022**                    *s/ Karoline Mehalchick*
                                                **KAROLINE MEHALCHICK**
                                                **Chief United States Magistrate Judge**